No. 676
### WRIKESMAN v· CLEVELAND PROVIS. CO.
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5148. Decided June 30, 1924

118. AUTOMOBILES—1. Injury to policeman pursuing truck by driving on right instead of left side of pursued car not caused by truck's veering to· right.

151. MASTER AND SERVANT—.

1. Principal liable for wilful negligence of agent performed in course of employment.

2. Principal not liable for simple negligence of employe driving motor truck.

SULLIVAN, J.             Epitomized Opinion
Published Only in Ohio Law Abstract

In September, 1920, Wrikeman was a member of the Cleveland police force and while on duty at Woodhill Park a truck operated by defendant's agent was being driven over a certain boulevard· The officer had been instructed to forbid trucks to pass over said boulevard. The officer, who had been following the truck for some distance, while standing on the running board of a commandeered automobile, directed the driver thereof to turn on the right side of said truck instead of the left, as the traffic ordinance provides, and while in the act of so doing the machine upon which the officer was riding was forced into the curb, injuring him.

The officer based his right to pass the truck on the right instead of the left hand on the instructions he had received from superior officers. It was claimed for Wrikeman that while the general public had no right under the ordinance to pass a vehicle on the right hand side, yet an officer in pursuit of an offender was an exception. The petition did not allege that the truck driver had knowledge that he was being pursued and there was no such evidence in order to determine the character, nature and motive of the conduct alleged against the driver of the truck. Moreover, the petition did not allege wilful or wanton negligence on the part of the truck driver. As the trial court directed a verdict for the Provision Co., plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As there was no allegation or proof of knowledge of pursuit on the part of the truck driver, it appears that the proximate cause

of the injury was not the turning and veering to the right towards the curb on the part of the truck driver, but the excess rate of speed of the driver of the machine under the control of the officer.

2. An employer is liable for the wilful and malicious acts of his servants done in the course of the servant's employment.

3. As the petition and evidence did not go beyond the proposition of simple and alleged wilful or malicious acts, the master was not liable for said acts of the employe.

Attorneys—M. L. Bernsteen, for Wrikeman; Dustin, McKeehan, Merrick, Arter & Stewart, for the Provision Company; all of Cleveland.